UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Diane Renee Gilmore,
    Claimant

    v.                                           Case No. 18-cv-256-SM
                                              Opinion No. 2019 DNH 015
Nancy A. Berryhill,
Acting Commissioner,
Social Security Administration,
    Defendant

**O R D E R**

Pursuant to 42 U.S.C. § 405(g), claimant, Diane Renee Gilmore, moves to reverse or vacate the Acting Commissioner's decision denying her application for Supplemental Security Income Benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1383(c). The Acting Commissioner objects and moves for an order affirming her decision.

For the reasons discussed below, claimant's motion is denied, and the Acting Commissioner's motion is granted.

**Factual Background**

I. Procedural History.

Gilmore filed an application for supplemental security income on September 22, 2015,[1] alleging that she had been unable

---

[1] Claimant filed two previous applications alleging disability that were denied on November 15, 2012, and September 3, 2014, respectively.

to work since January 7, 2007, due to a combination of mental and physical impairments.[2]  Administrative Record ("Admin. Rec.") at 57, 121.  That application was denied (Admin. Rec. at 57, 71), and claimant requested a hearing before an Administrative Law Judge ("ALJ") (Admin. Rec. at 78).

On September 28, 2017, Gilmore appeared with counsel before an ALJ, along with a vocational expert, who considered claimant's application de novo.  Admin. Rec. at 23-71.  At the hearing, claimant amended her alleged onset date to August 20, 2015.  Admin. Rec. at 576.  On October 17, 2017, the ALJ issued his written decision, concluding that Gilmore was not disabled, as that term is defined in the Act, at any time prior to the date of the decision.  Id. at 10-22.

Gilmore sought review of the ALJ's decision by the Appeals Council.  Admin. Rec. at 119.  By notice dated January 29, 2018, the Appeals Council denied Gilmore's request for review.  Admin.

---

[2]   The record is not entirely clear on the alleged onset date of disability.  In the Joint Statement of Facts, the parties state the alleged onset date as January 7, 2007.  However, the Initial Disability Determination and the Field Office Disability Report note the alleged onset date as July 12, 2011.  Admin. Rec. at 58, 139.

In any event, the record is clear that the claimant subsequently amended her alleged onset date to August 20, 2015. Admin. Rec. at 576.

2

Rec. at 1-4. Accordingly, the ALJ's denial of Gilmore's application for benefits became the final decision of the Acting Commissioner, subject to judicial review. Id. at 1. Subsequently, claimant filed a timely action in this court, asserting that the ALJ's decision is not supported by substantial evidence.

II. Stipulated Facts.

Pursuant to this court's Local Rule 9.1, the parties have submitted a statement of stipulated facts which, because it is part of the court's record (document no. 10), need not be recounted in this opinion. Those facts relevant to the disposition of this matter are discussed as appropriate.

**Standard of Review**

I. "Substantial Evidence" and Deferential Review.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Factual findings and credibility determinations made by the Commissioner are conclusive if supported by substantial evidence. See 42 U.S.C. §§ 405(g), 1383(c)(3). See also Irlanda Ortiz v. Secretary of Health &

Human Services, 955 F.2d 765, 769 (1st Cir. 1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). It is something less than a preponderance of the evidence, so the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966). See also Richardson v. Perales, 402 U.S. 389, 401 (1971).

II. The Parties' Respective Burdens.

An individual seeking SSI benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3). The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment. See Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of Health & Human Services, 944 F.2d 1, 5 (1st Cir. 1991). To satisfy that burden, the claimant must prove, by a preponderance of the evidence, that her impairment prevents her from

performing her former type of work.  See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985); Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).  If the claimant demonstrates an inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform, in light of her age, education, and prior work experience.  See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982).  See also 20 C.F.R. §§ 404.1512(f) and 416.912(f).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience.  See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 6 (1st Cir. 1982).  Ultimately, a claimant is disabled only if her:

> physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work

5

>     exists in the immediate area in which [she] lives, or
>     whether a specific job vacancy exists for [her], or
>     whether [she] would be hired if [she] applied for
>     work.

42 U.S.C. § 1382c(a)(3)(B).

With those principles in mind, the court reviews claimant's motion to reverse and the Acting Commissioner's motion to affirm her decision.

**Background - The ALJ's Findings**

In concluding that Gilmore was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. § 416.920. See generally Barnhart v. Thomas, 540 U.S. 20, 24 (2003). Accordingly, the ALJ first determined that Gilmore had not been engaged in substantial gainful employment at any time relevant to the decision. Admin. Rec. at 18. Next, he concluded that Gilmore suffers from the following severe impairment: "degenerative disc disease, obesity, migraines/headaches, depression, and anxiety." Id. at 18-19. The ALJ also considered Gilmore's obstructive sleep apnea, and determined that it did not cause more than "minimal limitations on the claimant's work-related functioning," and therefore was not severe. Id. at 19. The ALJ then determined that Gilmore's

6

impairments, regardless of whether they were considered alone or in combination, did not meet or medically equal one of the impairments listed in Part 404, Subpart P, Appendix 1.  Id. at 19-21.  Gilmore does not challenge any of those findings.

Next, the ALJ concluded that Gilmore retained the residual functional capacity ("RFC") to perform the exertional demands of light work, as defined in 20 CFR 416.967(b), "except the claimant can stand and walk for up to four hours and sit for up to six hours in an eight-hour work date."  Admin. Rec. at 21.  The ALJ stated that claimant can "occasionally climb ladders and stairs," "occasionally balance, stoop, kneel, crouch, and crawl."  Id.  The ALJ further stated that the claimant is limited to "simple, unskilled work," "can maintain attention and concentration for two-hour increments throughout an eight-hour workday and forty-hour workweek," and "should have a semi-isolated work setting, for example no tandem tasks or team work, and only brief and [superficial] social interaction with the general public."  Id.  In light of those restrictions, the ALJ concluded that claimant was not capable of returning to her prior job.  Id. at 27.

Finally, the ALJ considered whether there were any jobs in the national economy that claimant might perform.  Relying on the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P,

App. 2, and the testimony of the vocational expert at the hearing, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Admin. Rec. at 27. The ALJ then concluded that claimant was not "disabled," as that term is defined in the Act, through the date of his decision.

**Discussion**

Claimant challenges the ALJ's decision, asserting that the ALJ erred in: (i) failing to fully develop the administrative record; and (ii) placing great weight on the opinion of non-examining state agency consultant, Dr. Jonathan Jaffe.

I. <u>Development of the Record</u>.

Claimant first argues that the ALJ failed to properly develop the record as required by 20 CFR 416.912(2). In support of that argument, claimant states that she retained counsel for the matter on August 22, 2017, and, the next day, counsel contacted the Office of Disability Adjudication and Review, requesting a continuance of the hearing scheduled for September 28, 2017, because the medical records "appear to be . . . missing providers and dates of service." Admin. Rec. at 111. Claimant's request for a continuance was denied, and claimant contends that, as a result of that denial, she was ultimately

8

unable to obtain portions of the medical record until after the hearing was held.

Social Security proceedings are not adversarial in nature, and therefore the ALJ has "a duty to develop an adequate record from which a reasonable conclusion can be drawn." Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991) (internal citations and quotations omitted). That duty "is heightened where the claimant is not represented by counsel, but applies in all cases." Silva v. US Soc. Sec. Admin., Acting Comm'r, No. 17-CV-368-PB, 2018 WL 4043146, at *5 (D.N.H. Aug. 3, 2018) (quoting Brunel v. Barnhardt, No. 00-cv-402, 2002 WL 24311, *8 (D.N.H. Jan. 7, 2002)) (additional citations omitted). "[F]or an ALJ's failure to develop the record to constitute reversible error, the claimant must demonstrate that he or she has suffered some prejudice as a result." Id. (quoting Russell v. Colvin, No. 13-cv-398, 2014 WL 4851327, *4 (D.N.H. Sept. 29, 2014)) (further citations omitted). "Prejudice is demonstrated by showing that the additional evidence might have led to a different decision." Silva, 2018 WL 4043146, at *5 (internal quotation omitted).

Gilmore's argument is unsupported. First, as the Acting Commissioner points out, at the hearing before the ALJ, Gilmore's counsel did not object to the record, nor did he present or even refer to different treatment records claimant

intended to submit for consideration by the ALJ. Admin. Rec. at 575-576. Instead, claimant's counsel introduced updated medical records, and explained to the ALJ that, following claimant's request for a continuance, the Office of Disability Adjudication and Review "indicated that [the ALJ would] be amenable to keeping the record open for an additional time period after the hearing." Admin. Rec. at 578. The ALJ accepted the additional records presented at the hearing into evidence. Id. See also Admin. Rec. at 16. And, it does not seem that claimant's counsel made any effort to supplement the record following the hearing and before the ALJ issued his decision.

Second, and more importantly, claimant fails to establish that any additional records she might have submitted would have changed the outcome of the ALJ's decision in her favor. See Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 140 (1st Cir.1987) ("We have held that remand is indicated only if, were the proposed new evidence to be considered, the Secretary's decision 'might reasonably have been different.'") (citation and internal quotations omitted). Critically, while Gilmore contends she was unable to submit "portions of the medical record," she fails to identify what portion of the medical treatment records she was unable to submit. Nor does Gilmore make any effort to explain why those unidentified missing

medical records might have altered the ALJ's decision.  For all those reasons, claimant has not sufficiently established that ALJ failed to adequately develop the record to her detriment, or that remand is warranted.

Claimant's argument references her appeal to the Appeals Council.  Claimant did not submit any medical treatment records to the Appeals Council following the ALJ's decision.  Instead, claimant submitted a Physical Residual Functional Capacity Questionnaire form, completed by Dr. Timothy Lacy, claimant's physician at Seacoast Pain Institute since 2016, on October 9, 2017.  The Appeals Council determined that "this evidence does not show a reasonable probability that it would change the outcome of the decision."  Admin. Rec. at 2.

To the extent that claimant is making the argument that the Appeals Council erred by denying review, generally, the Appeals Council's denial of review "is not reviewable on appeal except in the exceptional situation when the denial 'rests on an explicit mistake of law or other egregious error.'" Williams v. Colvin, No. 15-CV-416-JD, c, at *2 (D.N.H. Mar. 10, 2016) (quoting Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001)).  "In that exceptional circumstance, the reason for denying review must be both articulated and 'severely mistaken'."  Id. (quoting Mills, 244 F.3d at 5).  Gilmore falls far short of meeting that

standard. She fails to articulate precisely why Dr. Lacy's medical opinion would change the outcome of the ALJ's decision. Moreover, Dr. Lacy has been claimant's physician since at least December, 2016. Gilmore provides no explanation as to why this medical opinion could not have been provided to the ALJ prior to – or least at – the hearing. Thus, claimant has not sufficiently established that the Appeals Council was egregiously mistaken in denying review.

II. <u>Substantial Evidence Supports the ALJ's RFC Determination</u>.

Second, Gilmore argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ erred in relying on the opinion of Dr. Jaffe. Gilmore contends that the ALJ's reliance was erroneous because, at the time of Dr. Jaffe's review of Gilmore's medical records, several pertinent medical records were missing.

As this court has previously noted:

> It can indeed be reversible error for an administrative law judge to rely on an RFC opinion of a non-examining consultant when the consultant has not examined the full medical record." <u>Strout v. Astrue</u>, Civil No. 08-181-B-W, 2009 WL 214576, at *8 (D. Me. Jan. 28, 2009) (citing <u>Rose v. Shalala</u>, 34 F.3d 13, 18 (1st Cir. 1994)). However, an ALJ may rely on such an opinion where the medical evidence post-dating the reviewer's assessment does not establish any greater limitations, <u>see</u> <u>id</u>. at *8-9, or where the medical reports of claimant's treating providers are arguably consistent with, or at least not "clearly

> inconsistent" with, the reviewer's assessment. See
> Torres v. Comm. of Social Security, Civil No. 04-2309,
> 2005 WL 2148321, at *1 (D.P.R. Sept. 6, 2005)
> (upholding ALJ's reliance on RFC assessment of non-
> examining reviewer where medical records of treating
> providers were not "in stark disaccord" with the RFC
> assessment). See also McCuller v. Barnhart, No. 02-
> 30771, 2003 WL 21954208, at *4 n.5 (5th Cir. 2003)
> (holding ALJ did not err in relying on non-examining
> source's opinion that was based on an incomplete
> record where he independently considered medical
> records dated after the non-examining source's
> report).

Ferland v. Astrue, No. 11-CV-123-SM, 2011 WL 5199989, at *4 (D.N.H. Oct. 31, 2011).

Here, the ALJ closely reviewed claimant's medical records, including those post-dating Dr. Jaffe's review, and determined that those medical records were consistent with Dr. Jaffe's opinion. Admin. Rec. at 24. The ALJ capably explained that determination with detailed citations to the record. Id. See also Admin. Rec. 19-26. Claimant fails to point to any evidence in the record inconsistent with the ALJ's determination beyond the opinion of Dr. Lacy, which, as previously discussed, was not before the ALJ. Based on the court's review, the record supports the ALJ's conclusion, and the ALJ did not err in relying on Dr. Jaffe's opinion.

13

## Conclusion

This court's review of the ALJ's decision is both limited and deferential. The court is not empowered to consider claimant's application de novo, nor may it undertake an independent assessment of whether she is disabled under the Act. Rather, the court's inquiry is "limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999). Provided the ALJ's findings are properly supported by substantial evidence - as they are in this case - the court must sustain those findings <u>even when there may also be substantial evidence supporting the contrary position</u>. Such is the nature of judicial review of disability benefit determinations. See, e.g., Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence."); Rodriguez v. Secretary of Health & Human Services, 647 F.2d 218, 222 (1st Cir. 1981) ("We must uphold the [Commissioner's] findings in this case if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.").

Having carefully reviewed the administrative record and the arguments advanced by both the Acting Commissioner and claimant, the court necessarily concludes that there is substantial evidence in the record to support the ALJ's determination that claimant was not "disabled," as that term is used in the Act, at any time prior to the date of his decision.

For the foregoing reasons, as well as those set forth in the Acting Commissioner's legal memorandum, claimant's motion to reverse the decision of the Commissioner (document no. 7) is denied, and the Acting Commissioner's motion to affirm her decision (document no. 11) is granted. The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

                                      Steven J. McAuliffe
                                      United States District Judge

January 18, 2019

cc: Christopher G. Roundy, Esq.
    John J. Engel, Esq.
    Michael L. Henry, Esq.